**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**TASHEBA BARNETT, et al.,**

      **Plaintiffs,**

        **Case No. 1:22-cv-544**

      **v.**

        **JUDGE DOUGLAS R. COLE**

**THE KROGER COMPANY, et al.,**

      **Defendants.**

## ORDER

Chadaela Lovincey, one of the Plaintiffs in this putative class action, has moved the Court to sever and dismiss without prejudice all of her remaining claims in this case—five counts alleged against Defendants The Kroger Company and Fred Meyer, Inc. (Doc. 63). These are the claims that remain after the Court (1) granted in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, (Doc. 54), and then (2) granted Plaintiffs' Unopposed Motion to Sever Claims Against Harris Teeter Defendants and Dismiss With Prejudice, (6/6/25 Not. Order). Essentially, Lovincey wishes to be dropped from this action.

Under the Federal Rules of Civil Procedure, the Court may "sever any claim against a party." Fed. R. Civ. P. 21; *see also Dix v. Atos IT Sols. & Servs., Inc.*, No. 1:18-cv-275, 2020 WL 6064646, at *1 (S.D. Ohio Mar. 17, 2020) ("The correct procedural vehicle for removing individual 'claims' from a larger 'action' is Rule 21."). The Rule also allows the Court to "drop a party." Fed. R. Civ. P. 21. True, the Rule does not expressly mention dismissal of any severed claims. But as the Court has

previously explained, district court cases from the Sixth Circuit "suggest that Rule 21 itself can be used for both severance and subsequent dismissal of the severed claims." *Dix*, 2020 WL 6064646, at *2 (collecting cases). And while "courts that rely on Rule 21 to assess the request for dismissal still apply Rule 41's prejudice standard to guide the ultimate decision," *id.* (citing *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017)), Defendants have represented that they "do not oppose [Lovincey's] motion," (Doc. 63, #995). That is tantamount to a concession that severance and dismissal of Lovincey's remaining claims will not prejudice Defendants. (*See id.* at #998). So the Court declines to address Rule 41's prejudice standard.

Accordingly, the Court **GRANTS** Lovincey's Unopposed Motion to Sever Claims and Dismiss Without Prejudice (Doc. 63). Consistent with that, the Court **SEVERS** Lovincey's Counts I–V as alleged against Defendants The Kroger Company and Fred Meyer, Inc., and **DISMISSES** those counts **WITHOUT PREJUDICE**. And because those are the only remaining claims she advances, the Court drops Lovincey as a party.

    **SO ORDERED.**

April 2, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

2